IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JON Q. WRIGHT,

        Plaintiff,

v.

        Case No. 22-CV-300-JFH-JFJ

JANE DOE and DOES 1 - 10,

        Defendants.

**OPINION AND ORDER**

This matter comes before the Court on the Motion for Ex Parte Temporary Restraining Order, Preliminary Injunction, Asset Freeze, and Expedited Discovery ("Motion") filed by Plaintiff Jon Q. Wright ("Plaintiff"). Dkt. No. 3. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Plaintiff is a wildlife illustrator who created and owns copyrights to numerous works of art. Dkt. No. 2 at 2-4, Dkt No. 2-1. Plaintiff alleges that Defendants Jane Doe and Does 1-10 ("Doe Defendants") have unlawfully reproduced, adapted, displayed, and used some of his works of art to create derivative works. Dkt. No. 2 at 7; Dkt No. 2-1. Specifically, Plaintiff identifies the following: (1) Airborne Bass, U.S. Copyright Registration No. VA-1-957-011; (2) Action Series: Bass Spinner; Brown Trout; Northern Pike, Crappie, Stripped Bass; Musky; Rainbow Trout, U.S. Copyright Registration No. VAu-348-036; (3) 2000 Unpublished Apparel Series: Side Fish Collage; Steelhead Reel Rocks, U.S. Copyright Registration No. VAu-486-561; (4) 2000 Published Apparel Series: Lures, U.S. Copyright Registration No. VA 1-032-512; (5) Bass Spinner and Log, U.S. Copyright Registration No. VA 2-302-584; (6) Crappie and Root, U.S. Copyright Registration No. VA 2-303-553; (7) Smallmouth Bass and Topwater Bait, U.S. Copyright

Registration No. VA 2-160-537; (8) Walleye Spinner Rig, U.S. Copyright Registration No. VA 2-151-863; (9) Legends Series Artwork: Bass, U.S. Copyright Registration No. VA-1-153-915; (10) Crappie Dock Painting, U.S. Copyright Registration No. VA-1-957-012; (11) Northern & Bucktail, U.S. Copyright Registration No. VAu-214-078; (12) JQ Fish Art: Walleye Green Lure; 2 Bass Group, U.S. Copyright Registration No. VA-1-021-822; (13) Fooled Again Bass, U.S. Copyright Registration No. VA-519-738; (14) Tangled Cover Crappie, U.S. Copyright Registration No. VA-500-654; (15) Sunbay Bluegill, U.S. Copyright Registration No. VA-2-087-516; (16) Harvest Moon Walleye 3, U.S. Copyright Registration No. VA-2-084-056; (17) Breakline Hunter Musky, U.S. Copyright Registration No. VA-2-083-993; (18) Crappie and Leaves, Pending Registration; and (19) Salmon Stream Print, Pending Registration (collectively "Subject Works"). Dkt. No. 2 at 3-4.

Plaintiff claims that the Doe Defendants are selling infringing materials in the form of digital files on the online marketplace www.etsy.com. Dkt. No. 3 at 6.

According to Plaintiff, Jane Doe operates an Etsy storefront named "SWEETANDSOURGOODIES" (the "sweetandsourgoodies storefront") on which she unlawfully displays and lists for sale digital files that feature the Subject Works ("infringing material"). Dkt. No. 2 at 5. On June 24, 2022, pursuant to 17 U.S.C. § 512(c)(3), Plaintiff submitted notices to Etsy regarding the listings on the "sweetandsourgoodies storefront" that contain infringing material. Dkt. No. 2-2.

Section 512 limits liability of service providers who unknowingly transmit, route, or provide connections for infringing material through networks they control or operate. § 512 (a)-(k). Relevant here, a service provider who acts expeditiously to remove or disable access to allegedly infringing material upon notice of an infringement claim is not liable for damages

resulting from the infringement. 17 U.S.C. § 512(c)(1)(C). A service provider may replace the removed material or cease limiting access to it if: (1) the person alleged to have engaged in infringement submits a counternotice stating that the person has a good faith belief that the claim of infringement is based on a mistake or misidentification of the infringing materials; and (2) within 10-14 days of the counternotice the original infringement claimant has not notified the service provider that he or she has filed an action seeking a court order to restrain the alleged infringing activity on the service provider's system or network. 17 U.S.C. § 512(g).

In this case, Jane Doe submitted counternotices to Etsy on June 27, 2022, indicating her good faith belief that the notice of infringement was based on a mistake or misidentification of the infringing material. Dkt. No. 2-3. The member information included on the counternotices included the name Jonnita Rogers, a contact email of kristine@sweetandsourgoodies.com, and a physical address in Bartlesville, Oklahoma.[1] *Id.* at 1, 3, 5. Plaintiff's counsel performed an internet search and was unable to find information linking a Jonnita Rogers to the domain sweetandsourgoodies.com or to the sweetandsourgoodies storefront. Dkt. No. 3-2 at 5. He also discovered that the domain sweetandsourgoodies.com is not currently active. *Id.*; Dkt. No. 3-4. A search of the email address led counsel to a separate online marketplace—Flickr.com—where the email address was linked to the user profile of a Kristine Domingo Hoffman. Dkt. No. 3-2 at 5. Dolls listed for sale on this user's Flickr page bear a striking resemblance to dolls sold at the sweetandsourgoodies storefront. Dkt. No. 3-7 at 2-3; Dkt. No. 5-8. Based on this information, counsel asserts that Jane Doe either provided entirely inaccurate information in the counternotice

---

[1] Plaintiff alleges that the address listed on Jane Doe's counternotice appears to be incomplete, as it is a small apartment complex. Dkt. No. 3 at 9.

to avoid detection, or "has otherwise created legitimate suspicion regarding the true ownership" of the sweetandsourgoodies storefront. Dkt. No. 3-2 at 6.

Plaintiff initiated this action on July 12, 2022 seeking an order and judgment: (1) finding that the Doe Defendants have infringed his federally registered copyright to the Subject Works; (2) enjoining the Doe Defendants from "importing, manufacturing, creating derivative works, publishing, displaying, distributing, offering for sale, selling, or otherwise trafficking in any materials" that infringe his copyrights for the Subject Works; (3) impounding and ordering the destruction of all unauthorized material in the Doe Defendants' possession or control; and (4) awarding monetary damages and attorneys' fees. Dkt. No. 2 at 11-12. Plaintiff also filed the instant Motion to stop continued infringement, preserve evidence of the alleged infringement, freeze certain of the Doe Defendants' assets, and conduct discovery regarding the Doe Defendants. *See generally* Dkt. No. 3.

## DISCUSSION

### A. Personal Jurisdiction

Plaintiff seeks preliminary injunctive relief in the form of a temporary restraining order ("TRO") and a preliminary injunction. Dkt. No. 3 at 3-9. Before a district court may issue such relief, it must determine whether there is a reasonable probability that it has personal jurisdiction over the defendant. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Kozeny*, 19 F. App'x 815, 822 (10th Cir. 2001). At the pleading stage, a plaintiff need only establish a prima facie showing of personal jurisdiction. *Id.* Here, based on the efforts of Plaintiff's counsel to identify and locate the Doe Defendants, as outlined above and in a sworn affidavit submitted with Plaintiff's Motion,

4

and the Bartlesville, Oklahoma[2] address included in Jane Doe's counternotice, the Court finds there is a reasonable probability that it has personal jurisdiction over the Doe Defendants.

### B. Motion for Temporary Restraining Order and Preliminary Injunction

Under Rule 65 of the Federal Rules of Civil Procedure, a party seeking preliminary injunctive relief through a TRO or a preliminary injunction must show that: "(1) the movant is substantially likely to succeed on the merits; (2) the movant will suffer irreparable injury if the injunction is denied; (3) the movant's threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." *DTC Energy Grp., Inc. v. Hirschfeld*, 912 F.3d 1263, 1270 (10th Cir. 2018) (internal quotation marks and citation omitted). The primary goal of preliminary injunctive relief is to preserve the pre-trial status quo. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). In considering a motion for such relief, the Court determines the status quo by looking "to the reality of the existing status and relationship between the parties and not solely to the parties' legal rights." *Schrier v. Univ. of Co.*, 427 F.3d 1253, 1260 (10th Cir. 2005) (internal quotation marks and citation omitted).

#### 1. Likelihood of Success on the Merits

To succeed on the merits of a copyright infringement claim, a plaintiff must show that: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Craft Smith, LLC v. EC Design, LLC*, 969 F.3d 1092, 1099 (10th Cir. 2020) (internal quotation marks and citation omitted). To satisfy the first element, a plaintiff "must demonstrate ownership of a valid copyright in the allegedly infringed work." *Id.* Often, this is accomplished

---

[2] Bartlesville, Oklahoma is in Washington County, which is within the Northern District of Oklahoma.

by producing a certificate of registration from the United States Copyright Office. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 942 (10th Cir. 2002) (finding the first element satisfied by a "federally registered copyright" in the accused work); *see also* 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration . . . shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."). To satisfy the second element, a plaintiff must demonstrate: (1) that "the defendant copied the plaintiff's work as a factual matter;" and (2) a "substantial similarity between the allegedly infringing work and the elements of the copyrighted work that are legally protected." *Blehm v. Jacobs*, 702 F.3d 1193, 1199 (internal quotation marks and citation omitted).

Here, as to the first element, Plaintiff submitted the registration numbers, certificates, and deposit materials for each of the registered Subject Works with his complaint. Dkt. No. 2-1. This is sufficient to demonstrate ownership of a valid copyright to each of the Subject Works.[3] As to the second element, Plaintiff submitted pictures of the Subject Works and images of the infringing materials listed on the sweetandsourgoodies storefront. The sweetandsourgoodies storefront listings appear to include digital files containing exact copies of the Subject Works. Based on this evidence, as well as the possibility that Jane Doe intentionally obscured her identity in her counternotice to Etsy, the Court concludes that Plaintiff has demonstrated a likelihood of success on the merits of his copyright infringement claim.

---

[3] According to Plaintiff, the copyrights for two of the nineteen Subject Works are pending registration with the United States Copyright Office and are included in the Subject Works listed in the complaint to provide notice of Plaintiff's assertion of rights as to those works. Plaintiff states that he will amend his complaint to include the registration information for these two copyrights when such information becomes available. Dkt. No. 2 at 4; *see Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886 (2019) (holding that upon registration of a copyright, the copyright owner can recover for infringement that occurred both before and after registration).

**2. Irreparable Injury**

"The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." *DTC Energy*, 912 F.3d at 1270 (internal quotation marks and citation omitted). The movant must demonstrate a "significant risk that he or she will experience harm that cannot be compensated after the fact by money damages."[4] *Trial Laws. Coll. v. Gerry Spence Trial Laws. Coll. at Thunderhead Ranch*, 23 F.4th 1262, 1270–71 (10th Cir. 2022) (internal quotation marks and citation omitted). "A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain." *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1156 (10th Cir. 2001) (citation omitted). The "loss of reputation, good will, marketing potential," and customers constitutes irreparable injury. *Id.* at 1156-57; *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1264 (10th Cir. 2004) ("[T]he irreparable harm findings are based on such factors as the difficulty in calculating damages, the loss of a unique product, and existence of intangible harms such as loss of goodwill or competitive market position.").

Here, Plaintiff argues that the "sale of digital files bearing his artwork would lead to a point where . . . the value of his artwork diminishes to a point where lawful third-parties would no longer choose to license his artwork. Moreover, the fact that Defendant sells bulk digital files while only displaying one listing image means that Defendant can post a design that is non-infringing to

---

[4] Plaintiff cites out-of-circuit authority regarding a presumption of irreparable harm in a copyright infringement case. Dkt. No. 3 at 11. The Tenth Circuit recently addressed such presumptions in intellectual property cases and held they are proper only where a statute mandates them. *See Trial Laws. Coll.*, 23 F.4th at 1270. Plaintiff cites no such presumption in the Copyright Act, and the Court has not located one. Therefore, the Court declines to apply a presumption of irreparable harm.

Plaintiff but continue to distribute Plaintiff's artwork." Dkt. No. 3 at 11. Given the set of circumstances here, the Court agrees that such a loss of business opportunity, diminished competitive market position, and dilution of the value of the Subject Works, combined with the uncertain nature of Defendant's identity and, thus, the difficulty of identifying assets from which money damages could be recovered, would constitute intangible and irreparable injury.

3. **Balance of Harms**

Plaintiff has shown that he is likely to suffer irreparable injury if the Doe Defendants are permitted to continue selling digital images of the Subject Works in the manner set forth. And although § 512 permits Etsy to remove or restrict access to the listings identified in Plaintiff's notice of infringement, images of the sweetandsourgoodies storefront captured after the notice was submitted appear to show that the Doe Defendants have circumvented Etsy's infringement claim process by simply creating new listings for the infringing material. Dkt. No. 3-9. Given the continued threat of irreparable injury absent the requested injunctive relief, the Court concludes that the balance of harms weighs in favor of granting the relief. *Gen. Motors Corp. v. Urb. Gorilla, LLC*, 500 F.3d 1222, 1229 (10th Cir. 2007) (recognizing that "when the case for infringement is clear, a defendant cannot avoid a preliminary injunction by claiming harm to a business built upon that infringement.").

4. **Public Interest**

Finally, Plaintiff "must also demonstrate that issuance of the preliminary injunction is not adverse to the public interest." *See Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 357 (10th Cir. 1986). "In copyright cases ... this factor normally weighs in favor of the issuance of an injunction because the public interest is the interest in upholding copyright protections." *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476,

1499 (10th Cir. 1993), *overruled on other grounds by TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011); *see Kodiak Cakes LLC v. Cont'l Mills, Inc.*, 358 F. Supp. 3d 1219, 1237 (D. Utah 2019) ("While public interest favors inter-market competition, that competition must be fair. Public interest in fair competition dictates that [a d]efendant should not be allowed to profit off the efforts of [a p]laintiff in achieving its commercial success. Public interest also disfavors allowing competition at the expense of customer confusion.").

Here, Plaintiff has offered evidence of copyright infringement. Because copyright infringement inherently harms the public interest, the injunctive relief sought necessarily serves the public interest.

### C. Asset Freeze

As part of his Motion, Plaintiff seeks a freeze the sweetandsourgoodies storefront and deactivation of the associated user account. Dkt. No. 3 at 16-17. According to Plaintiff, under Etsy's Payment Policy, sellers agree, in pertinent part: "(1) to appoint Etsy as their agent for the purpose of receiving, holding, and settling payments to sellers; (2) that all funds resulting from completed transaction will be held in seller's payment account; and (3) that deposits into their payment accounts are eligible for transfer outside of Etsy, subject to reserves, holds, and delays." Dkt. No. 3-2 at 2. "Broadly speaking, Etsy imposes reserves to address potential financial risks on the seller's account, while it may impose a separate hold it is believes that a seller's actions may result in buyer disputes, chargebacks, increased risk of fraud, counterfeiting, or other claims." *Id.* at 2-3. Plaintiff argues that a freeze of the sweetandsourgoodies storefront and deactivation of the associated user account is necessary to preserve any funds held in reserve by Etsy and to preserve any digital evidence relevant to Plaintiff's infringement claim. Dkt. No. 3 at 16-17.

A court has the power to issue a preliminary injunction or TRO "to prevent a defendant from dissipating assets in order to preserve the possibility of equitable remedies." *Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (citation omitted). A request for such "equitable relief invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995). "A party seeking an asset freeze must show a likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not granted." *Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009).

Here, Plaintiff submitted evidence that the Doe Defendants use the sweetandsourgoodies storefront and associated user account ("sweetandsourgoodies account") to sell the infringing materials. Dkt. No. 3-3. Plaintiff argues that, absent an account freeze, the Doe Defendants will attempt to transfer any funds held in reserve in the sweetandsourgoodies account, dissipating potential assets, and will attempt to eliminate digital evidence of the alleged infringement linked to the account. Dkt. No. 3 at 15-17.

The Court finds that the risk that the Doe Defendants will attempt to dissipate assets and destroy potential evidence of infringement justifies some restrictions on the sweetandsourgoodies account. Rule 65(d)(2)(C) grants it the authority to bind any participants in processing the allegedly counterfeit sales, such as Etsy. *See* Fed. R. Civ. P. 65(d)(2)(C) (noting that injunctions may bind "other persons who are in active concert or participation with [the party subject to the injunction]"). To preserve Plaintiff's right to recovery and ensure the availability of permanent relief, the Court will order that any reserve associated with the sweetandsourgoodies account be held by Esty and not distributed to any party. With regard to Plaintiff's request that the

10

sweetandsourgoodies account be "frozen," the Court is mindful of the possibility that the storefront may offer non-infringing materials for sale. Thus, it will not order that all activity on the sweetandsourgoodies account suspended. However, to preserve evidence relevant to Plaintiff's infringement claim, the Court will order that the sweetandsourgoodies account shall not be deactivated or deleted.

### D. Expedited Discovery

Plaintiff requests that the Court order expedited discovery from Jane Doe and Etsy, regarding the scope and extent of the Doe Defendants' infringing activities, as well as Jane Doe's account details and other information relating to assets maintained or held by Etsy, including without limitation, any and all user accounts and storefronts maintained by Jane Doe. Dkt. No. 3 at18-19.

Federal Rule of Civil Procedure 26(d) generally provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f). *Qwest Commc's Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). However, discovery may be conducted prior to a Rule 26(f) conference when authorized by a court order. Fed. R. Civ. P. 26(d); *Arista Records, LLC v. John Does 1–19*, 551 F. Supp. 2d 1, 6 (D.D .C.2008). In this circuit, courts have permitted such expedited discovery upon a showing of good cause. *See Pod–Ners v. N. Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (finding good cause exists for expedited discovery in cases involving infringement and unfair competition).

Given Plaintiff's counsel's inability to identify and locate the Doe Defendants, despite his diligent efforts, the Court finds that Plaintiff has shown good cause for expedited discovery to identify and locate the Doe Defendants and preserve evidence regarding the alleged infringement through the sweetandsourgoodies storefront. Based on Plaintiff's representations, the Court will

grant Plaintiff leave to propound the discovery he seeks through third-party subpoenas to Etsy and to the Doe Defendants directly once he has identified and located them.

### E. Ex Parte Injunctive Relief

Plaintiff requests that the Court grant the preliminary injunction and TRO ex parte, without notice to the Doe Defendants. Dkt. No. 3 at 4-9. A court may only grant such relief without notice to the adverse party or its attorney if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;" and "(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). Ex parte relief should be restricted to serving its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameida Cnty.*, 415 U.S. 423, 439 (1974).

Having reviewed the materials submitted by Plaintiff, including the declarations of Plaintiff and his counsel Dmitry Lapin, which detail the Doe Defendants' unknown identities and use of an online storefront to operate their allegedly infringing enterprise, the Court finds that Plaintiff has identified specific facts that satisfy this requirement.

### F. Alternative Service

Plaintiff requests that the Court permit him to serve the Doe Defendants via email at the email address provided in Jane Doe's counternotice. Dkt. No. 3 at 17-18. Rule 4 of the Federal Rules of Civil Procedure establishes the standard for service of process. After filing a lawsuit, a plaintiff has the responsibility of serving an individual defendant by: (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) leaving a copy of each at the

individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

Alternatively, service may be made "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Id.* Oklahoma law requires that service be made by personal delivery or by mail. 12 O.S. § 2004(C)(1)-(2). If service cannot be made by personal delivery or by mail, a defendant "may be served as provided by court order in a manner which is reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard and upon filing an affidavit by the plaintiff or plaintiff's attorney that with due diligence service cannot otherwise be made upon the defendant."

Here, Plaintiff has not shown, or even argued, that he is unable to serve the Doe Defendants in a manner consistent with the applicable federal and state requirements. Therefore, the Court will not authorize alternative service to the Doe Defendants at this time.

As to Plaintiff's request that he be permitted to serve a copy of the Court's Order on Etsy electronically, the Court notes that the Federal Rules of Civil Procedure to not require a particular method service of an injunctive order on third parties. However, Under Rule 65(d), a "restraining order ... is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Thus, if Plaintiff seeks to have Etsy bound by the Court's Order, it is incumbent upon him to ensure that Etsy has actual notice of the Order.

Finally, Plaintiff requests that he be permitted to serve Etsy with notice of the Court's order of the Application prior to serving Defendant, and with enough time for Etsy to comply with the Court's Order," [Dkt. No. 3 at 18]. That request is granted.

**G. Bond**

Where injunctive relief is granted, Rule 65(c) requires that the movant give "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Therefore, before the Court grants injunctive relief, it must consider whether a bond is necessary. *See Coquina Oil Corp. v. Transwestern Pipeline Co.*, 825 F.2d 1461, 1462 (10th Cir. 1987) (concluding that, where a trial court does not "contemplate the imposition of the bond, its order granting a preliminary injunction is unsupportable").

Plaintiff argues that the bond requirement should be waived in this case because the Doe Defendants "will suffer no lawfully cognizable harm" from the deactivation of the sweetandsourgoodies storefront. Dkt. No. 3 at 19. Plaintiff concedes that the deactivation of the storefront will likely result in lost revenues. However, Plaintiff contends, "those revenues are the fruit of unlawful behavior" and "there can be no cognizable harm to a defendant by the issuance of an order requiring them not to break the law." *Id.* (citing *DP Creations, LLC v. Reborn Baby Mart*, No. 2:21-CV-00574-JNP, 2021 WL 5926471, at *4 (D. Utah Dec. 15, 2021)).

The Court acknowledges that it has "wide discretion under Rule 65(c) in determining whether to require security" and may, therefore, impose no bond requirement. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1215 (10th Cir. 2009). Because the Court is only enjoining the Doe Defendants from infringement with respect to the Subject Works and from disposing of any evidence relevant to Plaintiff's infringement claims, the Court will not require a bond with regard

to frozen reserves held by Etsy at this time. At the preliminary injunction hearing, the Court will take up the issue as to whether a bond requirement should be imposed to the extent that injunctive relieves continues.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Ex Parte Temporary Restraining Order, Preliminary Injunction, Asset Freeze, and Expedited Discovery [Dkt. No. 3] is GRANTED in part and DENIED in part;

2. Plaintiff's request for a Temporary Restraining Order is GRANTED such that the Doe Defendants are hereby temporarily enjoined from importing, manufacturing, creating derivative works, publishing, displaying, distributing, offering for sale, selling, or otherwise trafficking in any materials that infringe Plaintiff's copyrights for the Subject Works;

3. Plaintiff's request for a freeze of the sweetandsourgoodies account is GRANTED in part and DENIED in part. Any reserve associated with the sweetandsourgoodies account shall be held by Esty and not distributed to any party. The sweetandsourgoodies account shall not be deactivated or deleted, however, Plaintiff's request that all activity on the sweetandsourgoodies account be suspended is DENIED;

4. Plaintiff's request for expedited discovery is GRANTED. Plaintiff may engage in discovery through third-party subpoenas to Etsy and to the Doe Defendants directly once he has identified and located them;

5. Plaintiff's request for alternative service is DENIED. Plaintiff shall effect service upon the Doe Defendants in a manner consistent with Fed. R. Civ. P. 4(e) and 12 O.S. § 2004(C)(1)-(2);

6. Plaintiff's request to proceed without posting security is GRANTED;

7. This Temporary Restraining Order shall remain in full force and effect for fourteen (14) days unless otherwise dissolved by this Court or extended for good cause. A hearing is set for July 28, 2022 at 2:00 p.m. to hear evidence and argument as to whether this Temporary Restraining Order should be converted into a preliminary injunction under the applicable law.

IT IS SO ORDERED this 15th day of July 2022 at 5:50 p.m.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE