IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JON Q. WRIGHT,<br><br>        Plaintiff,<br><br>v.<br><br>JANE DOE and DOES 1 - 10,<br><br>        Defendants. | Case No. 22-CV-300-JFH-JFJ |

## OPINION AND ORDER

This matter comes before the Court on the Motion in Support of Issuing a Preliminary Injunction, or in the Alternative, Extending the Temporary Restraining Order ("Motion") filed by Plaintiff Jon Q. Wright ("Plaintiff"). Dkt. No. 10. For the reasons set forth below, the motion is GRANTED IN PART.

## BACKGROUND

Plaintiff is a wildlife illustrator who created and owns copyrights to numerous works of art. Dkt. No. 2 at 2-4, Dkt No. 2-1. On July 12, 2022, Plaintiff initiated this action, alleging that Defendants Jane Doe and Does 1-10 ("Doe Defendants") were unlawfully reproducing, adapting, displaying, and using some of his works of art ("Subject Works") to create derivative works.[1] Dkt. No. 2 at 7; Dkt No. 2-1. Plaintiff claimed that the Doe Defendants were selling infringing materials in the form of digital files on the online marketplace www.etsy.com. Dkt. No. 3 at 6. Plaintiff also sought an ex parte temporary restraining order ("TRO") to stop the alleged infringement, preserve evidence of the alleged infringement, freeze certain of the Doe Defendants' assets, and conduct discovery to identify Doe Defendants. *See generally id.*

---

[1] The names and copyright registration numbers for each of the subject works are set forth in the Court's July 15, 2022 Order [Dkt. No. 7 at 1-2] and are incorporated by reference here.

On July 15, 2022, the Court granted Plaintiff's motion for an ex parte TRO in part. Dkt. No. 7. In granting the TRO, the Court: (1) enjoined the Doe Defendants from importing, manufacturing, creating derivative works, publishing, displaying, distributing, offering for sale, selling, or otherwise trafficking in any materials that infringe Plaintiff's copyrights for the Subject Works; (2) granted a freeze of the account associated with Defendant Jane Doe's Etsy storefront named "SWEETANDSOURGOODIES" (the "account") such that the sweetandsourgoodies account was not to be deactivated or deleted and any reserve funds tied to the sweetandsourgoodies account was to be held by Esty and not distributed to any party; and (3) granted Plaintiff's request to engage in expedited discovery through third-party subpoenas to Etsy and to the Doe Defendants. *Id.* at 15-16. The TRO was set to expire July 29, 2022 at 5:50 p.m. *Id.* at 16. The Court set a hearing on Plaintiff's request for a preliminary injunction for July 28, 2022. *Id.*

Prior to the July 28, 2022 hearing, Plaintiff advised the Court that he now believes he has identified Jane Doe as Kristine Domingo Hoffman, who resides in San Diego, California. Dkt. No. 8 at 1. Prior to the July 28, 2022 hearing, Plaintiff indicated that he will move to transfer this case to the United States District Court for the Southern District of California. Dkt. No. 8 at 2; Dkt. No. 10 at 4. In his Motion and at the July 28, 2022 hearing, Plaintiff requested that the Court: (1) retain jurisdiction and enter a preliminary injunction; or (2) by extend the TRO for one month to allow him to effectuate the transfer. Dkt. No. 10 at 4.

## DISCUSSION

As the Court discussed at the July 28, 2022 hearing, the Court is not inclined to retain jurisdiction to consider Plaintiff's request for a preliminary injunction in light of Plaintiff's assertions that: (1) Jane Doe is in fact Kristine Domingo Hoffman, who resides in San Diego, California; and (2) Plaintiff "will be moving this [C]ourt to transfer this matter to the Southern

District of California, where it is certain that [Ms.] Domingo Hoffman can be found and adjudicated." Dkt. No. 8 at 2. To retain jurisdiction to consider Plaintiff's motion for a preliminary injunction would not be an efficient utilization of judicial resources as the central issue should be decided after the case is transferred to the appropriate judicial district.

However, the Court finds that it does have authority to extend the TRO. Under Rule 65(b)(2) of the Federal Rules of Civil Procedure, a TRO shall expire "at the time after entry—not to exceed 14 days—that the court sets, unless before that time, the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." For the reasons stated in Plaintiff's Motion and on the record at the July 28, 2022 hearing, the Court finds that good cause exists extend the TRO for an additional fourteen (14) days, as such an extension will maintain the status quo pending a transfer of the case.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion in Support of Issuing a Preliminary Injunction, or in the Alternative, Extending the Temporary Restraining Order is GRANTED IN PART and DENIED IN PART;

2. Plaintiff's request for a preliminary injunction is DENIED;

3. The TRO entered at 5:50 p.m. Central Standard Time ("CST") on July 15, 2022 and set to expire on July 29, 2022 at 5:50 p.m. CST [Dkt. No. 7] shall be extended through August 12, 2022 at 5:25 p.m. CST.

IT IS SO ORDERED this 28th day of July 2022 at 5:25 p.m..

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE