IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JON Q. WRIGHT,

        **Plaintiff,**

v.

JANE DOE et al.,

        **Defendants.**

Case No. 22-CV-300-JFH-JFJ

## OPINION AND ORDER

Before the Court is the Motion to Transfer Venue and Extend the Temporary Restraining Order ("Motion") filed by Plaintiff Jon Q. Wright ("Plaintiff"). Dkt. No. 13. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Plaintiff is a wildlife illustrator who created and owns copyrights to numerous works of art. Dkt. No. 2 at 2-4, Dkt No. 2-1. On July 12, 2022, Plaintiff initiated this action, alleging that Defendants Jane Doe and Does 1-10 ("Doe Defendants") were unlawfully reproducing, adapting, displaying, and using some of his works of art ("Subject Works") to create derivative works.[1] Dkt. No. 2 at 7; Dkt No. 2-1. Plaintiff claimed that the Doe Defendants were selling infringing materials in the form of digital files on the online marketplace www.etsy.com. Dkt. No. 3 at 6. Plaintiff also sought an ex parte temporary restraining order ("TRO") to stop the alleged infringement, preserve evidence of the alleged infringement, freeze certain of the Doe Defendants' assets, and conduct discovery to identify the Doe Defendants. *See generally id.*

---

[1] The names and copyright registration numbers for each of the subject works are set forth in the Court's July 15, 2022 Order [Dkt. No. 7 at 1-2] and are incorporated by reference here.

On July 15, 2022, the Court granted in part Plaintiff's motion for an ex parte TRO. Dkt. No. 7. In granting the TRO, the Court: (1) enjoined the Doe Defendants from importing, manufacturing, creating derivative works, publishing, displaying, distributing, offering for sale, selling, or otherwise trafficking in any materials that infringe Plaintiff's copyrights for the Subject Works; (2) granted a freeze of the account associated with Defendant Jane Doe's Etsy storefront named "SWEETANDSOURGOODIES" (the "sweetandsourgoodies account") such that the sweetandsourgoodies account was not to be deactivated or deleted and any reserve funds tied to the sweetandsourgoodies account were to be held by Esty and not distributed to any party; and (3) granted Plaintiff's request to engage in expedited discovery through third-party subpoenas to Etsy and to the Doe Defendants. *Id.* at 15-16. The TRO was set to expire July 29, 2022 at 5:50 p.m. *Id.* at 16. The Court set a hearing on Plaintiff's request for a preliminary injunction for July 28, 2022. *Id.*

Prior to the hearing, Plaintiff advised the Court that he believed Jane Doe was actually Kristine Domingo, who resides in San Diego, California. Dkt. No. 8 at 1. At the hearing, Plaintiff indicated that, within a week of the hearing, he would file a motion to transfer the case to the United States District Court for the Southern District of California. Meanwhile, he requested that the Court: (1) retain jurisdiction and enter a preliminary injunction; or (2) extend the TRO for one (1) month to allow him to effectuate the transfer. Dkt. No. 10 at 4. In light of Plaintiff's plans to seek a transfer of venue, the Court declined to retain jurisdiction and enter a preliminary injunction. Dkt. No. 11 at 2-3. The Court extended the TRO for fourteen (14) days "to maintain the status quo pending a transfer of the case." *Id.* at 3.

## DISCUSSION

**A. Transfer of Venue**

Section 1404(a) authorizes the Court, "[f]or the convenience of parties and witnesses, in the interest of justice [to] transfer any civil action to any other district or division where it might have been brought[2] or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks and citation omitted).

In considering a motion to transfer under § 1404, a district court should consider: (1) "the plaintiff's choice of forum;" (2) "the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses;" (3) "the cost of making the necessary proof;" (4) questions as to the enforceability of a judgment if one is obtained;" (5) relative advantages and obstacles to a fair trial;" (6) "difficulties that may arise from congested dockets;" (7) "the possibility of the existence of questions arising in the area of conflict of laws;" (8) the advantage of having a local court determine questions of local law;" and, (9) "all other considerations of a practical nature that make a trial easy, expeditious and economical." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). The decision whether to transfer a case under § 1404 is a matter within the district court's sound discretion and no single factor is dispositive. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (recognizing that § 1404(a) is intended to "place discretion in the district court to adjudicate

---

[2] Section 1391 provides, in pertinent part, that a civil action may be brought in a judicial district in which a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391.

motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.").

In arguing for a transfer of venue Plaintiff focuses on three (3) factors that are particularly relevant under the facts of this case. Plaintiff argues that: (1) he chose to initiate the case in this district due to Jane Doe's representation that she resided within the district, and if he'd had accurate information regarding Jane Doe's place of residence at the time of filing, he would have brought the case in the Southern District of California; (2) the Southern District of California is a more convenient and cost effective venue for Jane Doe since she resides there and is likely to be the sole opposing party and witness for the defense; and (3) any judgment issued in the case would be more enforceable against Jane Doe in the Southern District of California since she resides within that district. The Court agrees on each point.

In support of his motion to transfer, Plaintiff has submitted: (1) a sworn affidavit by Plaintiff's counsel detailing his efforts to identify and locate Jane Doe and explaining his conclusion that Jane Doe is actually Kristine Domingo of San Diego, California [Dkt. No. 13-1]; (2) discovery from Etsy, indicating that the email address Kristine_domingo@gmail.com is linked to the sweetandsourgoodies account [Dkt. No. 13-5]; and (3) social media and other online profiles for Kristine Domingo indicating that she resides in San Diego, California [Dkt. No. 13-2; Dkt. No. 13-3; Dkt. No. 13-4]. Based on the evidence regarding Jane Doe's identity and place of residence and the convenience and efficiency of prosecuting the case in the venue where Jane Doe resides, the Court concludes that a transfer of the case to the Southern District of California is appropriate.

### B. Extension of TRO

Under Rule 65(b)(2) of the Federal Rules of Civil Procedure, a TRO shall expire "at the time after entry—not to exceed 14 days—that the court sets, unless before that time, the court, for

good cause, extends it for a like period or the adverse party consents to a longer extension." Based on Plaintiff's counsel's representations at the July 28, 2022 hearing, that he would file a motion to transfer venue within a week of the hearing, the Court found good cause to extend the TRO fourteen (14) days from its initial July 29, 2022 expiration. Dkt. No. 11 at 2-3. The Court found that this was sufficient time for Plaintiff to file his motion and effectuate the transfer. *Id.* However, the motion to transfer and request to extend the TRO was not filed until August 10, 2022. Dkt. No. 13. Plaintiff does not explain why the motion was not filed within a week of the hearing, as he indicated it would be, or why he could not file the motion and effectuate the transfer within the original fourteen (14) day extension granted. Nor does Plaintiff offer any other reason for the requested extension. Accordingly, the Court does not find that good cause exists to extend the TRO for an additional fourteen (14) days.

   IT IS THEREFORE ORDERED that:

   1. Motion to Transfer Venue and Extend the Temporary Restraining Order [Dkt. No. 3] is GRANTED IN PART and DENIED IN PART;

   2. This case is hereby TRANSFERRED to the United States District Court for the Southern District of California for all further proceedings.

   3. The TRO entered at 5:50 p.m. Central Standard Time ("CST") on July 15, 2022 [Dkt. No. 7] shall not be extended and will expire August 12, 2022 at 5:25 p.m. CST.

Dated this 11th day of August 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE